IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN FREITAS, | No. CIV S-09-3328-CMK-P |
| Plaintiff, | |
| vs. | ORDER TO SHOW CAUSE |
| JAMES WALKER, et. al. | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  Pending before the court is plaintiff's complaint (Doc. 1).

      On April 27, 2010, the court issued an order providing Plaintiff an opportunity to file an amended complaint in order to cure the defects identified in Plaintiff's complaint.  Specifically, the court informed Plaintiff that his complaint,

> read broadly and liberally as the court must, . . . may be sufficient to state a claim of excessive force against defendant Deleon.  However, Plaintiff makes no mention of defendant Walker, or how he allegedly violated Plaintiff's constitutional rights.  The court notes defendant Walker is the warden of the prison.  As such,

1

1  Plaintiff may be attempting to impose liability against the warden simply based on his supervisory position. However, if that is
2  Plaintiff's intention, it is insufficient.

3

4  The court then informed Plaintiff that

5  supervisory personnel are generally not liable under § 1983 for the actions of their employees. <u>See</u> <u>Taylor v. List</u>, 880 F.2d 1040,
6  1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the
7  constitutional violations of subordinates if the supervisor participated in or directed the violations. <u>See id.</u> The Supreme
8  Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's
9  unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her
10 own conduct and not the conduct of others. <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). When a defendant holds a
11 supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.
12 <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory
13 allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of
14 Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the
15 official's own individual actions, has violated the constitution." <u>Iqbal</u>, 129 S. Ct. at 1948.

16

17  Plaintiff was therefore provided an opportunity to file an amended complaint

18 which included allegations related to defendant Walker's personal involvement in his alleged

19 constitutional violations. Plaintiff, however, has not filed an amended complaint within the time

20 provided.

21  Accordingly, Plaintiff shall show cause in writing, within 30 days of the date of

22 this order, why defendant Walker should not be dismissed from this action for failure to state a

23 claim. Plaintiff is warned that failure to respond to this order may result in dismissal of the

24 / / /

25 / / /

26 / / /

2

1 action for the reasons outlined above, as well as for failure to prosecute and comply with court
2 rules and orders.  See Local Rule 110.
3         IT IS SO ORDERED

5 DATED: June 1, 2010

7         **CRAIG M. KELLISON**
        UNITED STATES MAGISTRATE JUDGE